IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Milciades Alcantara, | ) | Case No. 9:21-cv-01498-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of McCormick Correctional Institution, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report").  On March 13, 2024, Respondent filed an Amended Motion for Summary Judgment.  ECF No. 61. Petitioner filed a Response in Opposition, and Respondent filed a Reply.  ECF Nos. 69, 70.  On May 28, 2024, the Magistrate Judge issued a Report recommending that the Motion be granted and the Petition be dismissed with prejudice.  ECF No. 75.  Petitioner filed objections, and Respondent filed a Reply.  ECF Nos. 79, 80.

1

## APPLICABLE LAW AND ANALYSIS

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### *Habeas Corpus*

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-

27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a post-conviction relief ("PCR") application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

4

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply.  *Teague v. Lane*, 489 U.S. 288, 298 (1989).

<u>*Cause and Actual Prejudice*</u>

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96.  A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel.  *Id.* at 487–89; *Reed*, 468 U.S. at 16.  Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default.  *Carrier*, 477 U.S. at 492.  To show actual prejudice,

5

the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## **DISCUSSION**

Petitioner raises three grounds in his Petition. The Magistrate Judge determined that all of Petitioner's grounds were barred from federal habeas review. Petitioner objects to the Magistrate Judge's recommendations. The Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates into this Order by reference. The Court's review of this matter has been de novo.

***Ground One***

In Ground One, Petitioner alleges a violation pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and a related claim for ineffective assistance of counsel for failing to object to the prosecutorial misconduct/*Brady* violation. The Magistrate Judge determined that this Ground is procedurally defaulted because it was not raised during the PCR

6

proceedings. In his objections, Petitioner contends that he can establish cause to overcome the procedural default because PCR counsel was ineffective for failing to raise this claim.

As an initial matter, procedural default can only save an underlying claim for ineffective assistance of trial counsel. *Porterfield v. Warden, Lieber Corr. Inst.*, No. CA 0:14-927-TMC, 2015 WL 1301479, at *3 (D.S.C. Mar. 23, 2015) ("*Martinez* is a limited exception that applies to only claims of ineffective assistance of trial counsel."). Therefore, to the extent Petitioner raises any stand-alone claims for prosecutorial misconduct or *Brady* violations, the Court finds that those claims are procedurally defaulted.[1]

Turning to Petitioner's claim for ineffective assistance of counsel for failing to object to any prosecutorial misconduct or *Brady* violations, the Supreme Court has held that "attorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel." *Davila v. Davis*, 582 U.S. 521, 528 (2017). Here, the Court finds that Petitioner has not established that counsel's representation rose to the level of a constitutional violation.

To succeed on a *Brady* claim, a petitioner must establish that "the evidence was (1) favorable to the accused, (2) suppressed by the government, and (3) material to the verdict at trial." *Nicolas v. Attorney General of Maryland*, 820 F.3d 124, 129 (4th Cir.

---

[1] To the extent Petitioner has raised any *Brady* claims in Ground Two, they are addressed here.

2016).  Petitioner contends that trial counsel failed to "object to prosecution misconduct where the prosecution alleged to have rights waivered in order to collect buccal swab and evidence to prosecute and they did not."  ECF No. 1 at 5.  There is evidence in the record that Petitioner consented to the buccal swab, that there is a waiver form attesting to his consent, and that there was some confusion over whether a copy of the waiver form was provided to defense counsel.  *See* ECF Nos. 20-1 at 146–51; 20-15; 73-1 at 43.  There is no evidence that anything pertaining to the buccal swab was favorable to Petitioner.  *See* ECF No. 20-1 at 231–32.  Accordingly, Petitioner has not sufficiently established a constitutional error such that trial counsel's performance could be found ineffective for failing to object.  Petitioner has failed to establish cause to excuse the procedural default, and summary judgment is appropriate with respect to Ground One.

**Ground Two**

In Ground Two, Petitioner contends that the trial court abused its discretion by directing "the state attorneys not to discuss or question a key witness about rights waivers which caused this issue to not be developed for the record and preserved for appellate review."  ECF No. 1 at 7.  The Magistrate Judge determined that this Ground was procedurally defaulted and that it is not cognizable on federal habeas review.  Petitioner objects and argues that "the trial court violated his due process rights . . . ."  ECF No. 79 at 4.  Upon review, the Court agrees with the recommendation of the Magistrate Judge.

As explained in more detail by the Magistrate Judge, this Ground was not raised in Petitioner's direct appeal or at the PCR level.  Petitioner cannot establish cause to

8

excuse the procedural default as he has not raised a claim for ineffective assistance of counsel.  Moreover, the Court agrees that this claim, raising issues of admissibility of evidence during Petitioner's trial, is not cognizable on federal habeas review.  *See Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008) (noting that evidentiary rulings will generally not be considered in federal habeas "unless [the] erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding." (internal quotation marks and citation omitted)).  Therefore, summary judgment is appropriate with respect to Ground Two.

**Ground Three**

In Ground Three, Petitioner alleges that he was subject to an illegal search and seizure which was conducted by Detective Lorin Williams "who has been fired for a history of the same misconduct without receiving any consent nor a valid search warrant."  ECF No. 1 at 8.  The Magistrate Judge determined that Petitioner's claim, as raised in his Petition, is not cognizable on federal habeas review.  She further found that any claim for ineffective assistance of counsel related this this claim, as Petitioner attempted to raise in his response in opposition, is procedurally defaulted.  In his objections, Petitioner argues that "his Fourth Amendment rights were violated and trial counsel was ineffective for failing to protect Petitioner's Fourth Amendment rights." ECF No. 79 at 5.  He contends that he raised this claim to the state courts and that trial counsel was ineffective as defined in *Strickland v. Washington*, 466 U.S. 668 (1984).  ECF No. 5–8. Upon review, the Court agrees with the recommendation of the Magistrate Judge.

As an initial matter, to the extent Petitioner raises a free-standing claim that his Fourth Amendment rights have been violated, this Ground is not cognizable on federal habeas review. *See Stone v. Powell,* 428 U.S. 465, 482 (1976). Petitioner had a full and fair opportunity to raise his Fourth Amendment claims in state court; therefore, it is barred for review here.

Turning to Petitioner's claim for ineffective assistance of counsel related to any Fourth Amendment claim, Petitioner did not raise this Ground to the PCR court. Accordingly, this Ground is procedurally defaulted, and Petitioner has not argued cause and prejudice to excuse the procedural default. Accordingly, summary judgment is appropriate with respect to this Ground as well.[2]

## CONCLUSION

The Court adopts the Magistrate Judge's Report and Recommendation [75]. The Amended Motion for Summary Judgment [61] is **GRANTED** and the Petition is **DISMISSED** with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[2] In the event that it could be liberally construed that Petitioner properly raised this claim to the state courts, the Court has reviewed de novo the Magistrate Judge's discussion of the merits of Petitioner's ineffective assistance of counsel claim and adopts and incorporates her discussion herein. ECF No. 75 at 20–24.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.<br>United States District Judge

July 15, 2024
Spartanburg, South Carolina

11